IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JEFFREY DALE INMAN,**

Petitioner

v.  Civil No. **3:19CV592**

**COMMONWEALTH OF VIRGINIA,**

Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, filed a 28 U.S.C. § 2254 petition ("§ 2254 Petition," ECF No. 1). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. It does not appear that Petitioner raised his only claim before the Supreme Court of Virginia. Thus, the record fails to indicate that Petitioner has properly exhausted his state court remedies with respect to his claim.

Accordingly, by Memorandum Order entered on September 25, 2019, the Court directed Petitioner, within eleven (11) days of the date of entry thereof, to show cause why the present § 2254 Petition should not be dismissed without prejudice for lack of exhaustion. The Court warned Petitioner that the failure to comply with the Court's directive would result in summary dismissal of the action.

Petitioner has not filed a response. Thus, Petitioner has failed to show good cause as to why he has failed to exhaust his claim. Accordingly, the action will be DISMISSED WITHOUT

PREJUDICE. Petitioner may file a § 2254 petition in this Court after he has exhausted his remedies in state court. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 29 October 2019
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge